UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ELIZABETH J. GLEASON NOELLE,

                         Plaintiff,

                                                          5:15-CV-1301
v.                                                        (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

MEGGESTO, CROSSETT & VALERINO, LLP          KIMBERLY SLIMBAUGH, ESQ.
   Counsel for Plaintiff
313 East Willow Street, Suite 201
Syracuse, New York 13203


SOCIAL SECURITY ADMINISTRATION              DANIEL R. JANES, ESQ.
OFFICE OF REG'L GEN. COUNSEL–REGION II       PETER W. JEWETT, ESQ.
   Counsel for Defendant                     Special Assistant U.S. Attorneys
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this Social Security action filed by Elizabeth J. Gleason

Noelle ("Plaintiff") against the Commissioner of Social Security ("Defendant" or

"Commissioner") seeking Disability Insurance Benefits pursuant to 42 U.S.C. § 405(g), are (1)

United States Magistrate Judge William B. Mitchell Carter's Report-Recommendation

recommending that the Commissioner's decision be affirmed and that Plaintiff's Complaint be

dismissed, and (2) Plaintiff's Objection to the Report-Recommendation.  (Dkt. Nos. 16, 17.)  For

the reasons set forth below, the Report-Recommendation is accepted and adopted.

## I.    RELEVANT BACKGROUND

### A.    Relevant Procedural History

On May 20, 2011, Plaintiff applied for a period of Disability Insurance Benefits under the Social Security Act.  (Administrative Transcript ["T."] at 90.)  Plaintiff's application was initially denied by the Social Security Administration.  Plaintiff appealed the decision; hearings were held by an Administrative Law Judge ("ALJ"), David S. Pang; and, on April 25, 2014, ALJ Pang issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. at 61-88, 97-114.)  Subsequently, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. at 1-5.)  On November 2, 2015, Plaintiff filed this action in this Court.  (Dkt. No. 1.)

### B.    Magistrate Judge Carter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Carter rendered the following four findings of fact and/or conclusions of law: (1) the ALJ did not err in evaluating the opinion of Jody Hipple, NP, in assessing the severity of her impairment and ability to work, because (a) the conclusions of nurse practitioners regarding such subjects are not entitled to any special weight, (b) here, the ALJ considered Nurse Hipple's opinion and rejected it on the grounds that the limitations were based primarily on Plaintiff's subjective reports, there were no significant abnormal physical findings to support the limitations, and the limitations were inconsistent with the consultative examiner's examination and opinion, and (c) in any event, despite expressly affording Nurse Hipple's opinion "no weight," he in fact adopted the portion of her opinion regarding the amount of weight that Plaintiff could lift and carry; (2) the ALJ did not err in assessing Plaintiff's credibility, because (a) her activities of daily living could reasonably

support the ALJ's conclusion that her statements regarding the limiting effects of her symptoms were not as severe as alleged, and (b) in addition to Plaintiff's activities of daily living, the ALJ relied on objective medical evidence in the record such as treatment notations and testing; (3) the ALJ did not err in determining, at step four, that Plaintiff was capable of performing her past relevant work as a sales manager, because Plaintiff failed to show that her past relevant work as a sales manager was a "composite" job (especially given the hearing testimony of the vocational expert to the contrary); and (4) any error that the ALJ committed in determining, at step four, that Plaintiff's past relevant work included work as a data entry clerk was harmless, because the ALJ properly determined that Plaintiff could perform her past relevant work as a sales manager. (Dkt. No. 16, at Part IV.)

### C.      Objections to the Report-Recommendation

Generally, in her Objections to the Report-Recommendation, Plaintiff asserts the following two arguments: (1) the ALJ erred in assessing Plaintiff's credibility regarding her limitations by (a) penalizing her for doing simply daily activities despite the pain of her disability, (b) relying on the one-time report of Nurse Practitioner Mary Ellen Flannigan, who was not Plaintiff's main treatment source, (c) failing to explain how the ability to perform simple daily activities equates to the ability to perform substantial gainful activity, and (d) ignoring or discounting Plaintiff's very strong work history; and (2) the ALJ erred in evaluating the opinion of Plaintiff's treating Nurse Practitioner, Jody Hipple, because (a) Nurse Hipple's reliance on Plaintiff's complaints of pain (which is, by definition, subjective) was permissible and indeed an essential diagnostic tool, (b) the fact that some of the physical exams of Plaintiff showed "normal results" is (given Plaintiff's complaints of pain) actually evidence of fibromyalgia, and (c) the fact that Plaintiff continued to seek, and receive, medicare care and medications to try to

alleviate her symptoms further supports Nurse Hipple's opinion. (Dkt. No. 17.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review of Magistrate Judge Carter's Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1]        *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]        *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[3]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**B.      Standard Governing Judicial Review of Defendant's Decision**

In Part III.A. of his Report-Recommendation, Magistrate Judge Carter correctly recited the legal standard governing judicial review of Defendant's decision.  (Dkt. No. 16, at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III.     ANALYSIS**

As an initial matter, the Court notes that Plaintiff's objections to the Report-Recommendation (described above in Part I.C. of this Decision and Order) repeat arguments previously asserted in Plaintiff's brief in support of her motion for judgment on the pleadings before Magistrate Judge Carter.  (*Compare* Dkt. No. 17, at Points I and II [Plf.'s Objections] *with* Dkt. No. 11, at Points III and V [Plf.'s Brief].)  As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review.

After carefully reviewing all of the papers in this action, including Magistrate Judge Carter's thorough Report-Recommendation, the Court can find no clear error in the

---

[4]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Report-Recommendation: Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 16.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. The Court notes that, even if it were to subject the challenged portions of the Report-Recommendation to a *de novo* review, it would find those portions survive that review for the reasons stated in the Report-Recommendation: (1) the ALJ did not err in assessing Plaintiff's credibility regarding her limitations; and (2) the ALJ did not err in evaluating the opinion of Plaintiff's treating Nurse Practitioner, Jody Hipple.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's decision is **AFFIRMED** and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 10, 2017
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge